McAdam, Ch. J.
The facts proved by the defendant made, out a case of eviction within the proper meaning of that term. The lease did not expire until May 1, 1885, and custom fixes the hour at 12 m. of that day. The rent being payable at the end of the quarter was not due until the last minute of the 1st day of May, 1885 (Duppa v. Mayo, 1 Saund., 287; Smith v. Shepard, 15 Pick., 147; Cutting v. Derby, 2 W. B., 1077), and it could not have been sued for until the- next day. Mack v. Burt, 5 Hun, 28. The defendants abandoned the-premises prior to May 1st, and if the abandonment was caused by the acts of the plaintiff before enumerated, depriving the defendant of the privileges appurtenant to the rooms demised, the defendants were evicted by the landlord before the rent claimed became due, and they were by operation of law relieved from its pay *351 ment, as the law declines to apportion rent in favor of a wrong doer.
The circumstance that the defendants tried to negotiate a renewal of the lease, that they failed to remove until the lease had drawn nearly to a close, together with the evidence offered by the plaintiff would certainly have justified a verdict in favor of the plaintiff, if the case had been submitted to the jury and they had found the facts in favor of the plaintiff. The brief of the plaintiff presented strong reasons why the jury should give the plaintiff a verdict. They certainly give color to the claim that the defendants after enjoying the premises until almost the close of the term, moved because they could not obtain a renewal of then-tenancy on satisfactory terms, and not because forced to abandon the premises by any wrongful acts of the plaintiff. But these arguments are to be addressed to the jury. They may carry conviction and secure the plaintiff a verdict. The difficulty is, the jury may find the other way, and the evidence of the defendants if believed by the jury is sufficient to warrant such a verdict. The trial judge declined to send the case to the jury, and in effect passed upon the facts himself, by directing a verdict for the plaintiff. This was error. The case presents conflicting evidence and the facts must go to the jury under proper instructions.
A motion for a new trial on the minutes was made and denied, and while the law cited by the learned trial judge may apply to the plaintiff’s theory of the facts, it is inapplicable to the facts as disclosed by the evidence of the defendants, and the jury have by the action of the trial judge, been deprived of the constitutional right of determining which of the two conflicting theories is correct. It follows that the judgment and the order denying the motion for a new trial, must be severally" reversed, with costs to the appellants, to abide the event.
Browne and Ehrlich, JJ., concur.